UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| Salvador Guereca, | ] | |
| --- | --- | --- |
| *Plaintiff*, | ] | CAUSE NO.: 17-cv-368 |
| v. | ] | JURY TRIAL DEMANDED |
| Procare Automotive, LLC | ] | |
| *Defendant*. | ] | COLLECTIVE ACTION |

## ORIGINAL COMPLAINT

### SUMMARY

Procare Automotive, LLC failed to pay its Parts Managers overtime as required by the Fair Labor Standards Act ("FLSA") and/or state overtime laws. Instead, Procare Automotive, LLC pays its Parts Managers a base salary. Plaintiff Salvador Guereca ("Plaintiff" or "Guereca") worked for Procare Automotive, LLC as a Parts Manager and brings this collective action to recover the unpaid wages and other damages owed to him and all others similarly situated who worked at Procare Automotive, LLC as Parts Managers during the relevant time period.

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events and omissions giving rise to this claim occurred in this District, including many of the wrongs herein alleged. Defendant does business in this District and the violations took place while Plaintiff worked in this District.

1

## THE PARTIES

3. Guereca is a former Parts Manager of Procare Automotive, LLC who was paid a salary with no overtime compensation for the hours he worked in excess of forty (40) hours each week. His consent to participate in this collective action is attached hereto as Exhibit 1.

4. The Class Members are all misclassified employees employed by Defendant who worked more than 40 hours in at least one workweek.

5. Procare Automotive, LLC is a domestic for-profit, limited liability company created and existing under and by virtue of the laws of Texas, registered to do business in the State of Texas. Procare Automotive, LLC provides products and services in the automotive collision repair industry in the United States. Procare Automotive, LLC may be served with process by serving its registered agent,

> Procare Automotive, LLC
> Corporation Service Company
> DBA CSC - Lawyers Inco
> 211 E. 7th St., Ste. 620
> Austin, TX 78701

6. Procare Automotive, LLC purchased Art's Paint and Body in December 2016, and as such is liable for its FLSA violations under successor liability grounds.

7. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business activities in the State of Texas. Defendant has established minimum contacts sufficient to confer jurisdiction over it, and the assumption of jurisdiction over the Defendant will not offend traditional notions of fair play and substantial justice. As such, the exercise of personal jurisdiction over Defendant is consistent with the constitutional requirements of due process.

8. Defendant operates multiple work locations in Texas.

9. Defendant employs Texas citizens in numerous capacities and provides services in the automotive collision repair industry across Texas.

**The Facts**

10. Plaintiff re-alleges paragraphs 1-9 as if set out herein in their entirety.

11. Guereca was a Procare Automotive, LLC employee as a Parts Manager and classified as a salaried employee during his employment. Guereca was paid a yearly salary. He was employed similarly by Art's Paint and Body Shop before it was purchased by Procare Automotive, LLC.

12. Procare Automotive, LLC is a company that provides various specialized services in the automotive collision repair industry in the United States.

13. Procare Automotive, LLC's services for the industry include automotive collision repair, among other services for automobiles.

14. Procare Automotive, LLC's services in the industry have national impact on the in the automotive collision repair industry and the flow of those automobiles across state lines.

15. In each of the past three (3) years, Procare Automotive, LLC's gross annual revenues have well exceeded $500,000.00.

16. Procare Automotive, LLC employed Plaintiff as an employee in one of Procare Automotive, LLC's automotive collision repair centers.

17. In performing his duties, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, namely oil and natural gas used throughout the United States, and/or who handled goods or materials used in the production thereof that had been moved in or produced for commerce, such as door panels, bumpers, windows, windshields, repair equipment, etc, within the meaning of the FLSA.

18. Plaintiff typically spent his work weeks preparing a list to order parts for specific repairs in specific vehicles, ordering said parts, delivering those parts to the technicians, posting invoices for repairs, among other non-exempt work.

19. All of Procare Automotive, LLC's Parts Managers, including Plaintiff, adhere to the same policies and procedures and receive a salary without overtime compensation.

20. Plaintiff's activities were routine and largely governed by standardized and predetermined practices. Plaintiff's job functions were primarily manual labor/technical in nature, requiring little to no official training, no college education or other advanced degree. Little or no supervisory or management duties were required, and if any, were well below fifty percent of his duties.

21. Plaintiff is a typical member of the Class Members and worked for Procare Automotive, LLC within the same statutory time period.

22. At all times during the commission of the alleged events and because of the nature of the production discussed above, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.00.

23. Plaintiff routinely worked in excess of forty (40) hours in a work week for Defendant.

24. Defendant was well aware of the fact that Plaintiff routinely worked in excess of forty (40) hours in a work week.

25. Procare Automotive, LLC did not pay Plaintiff any overtime compensation for hours

worked in excess of forty (40) hours.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff re-alleges paragraphs 1-25 as if set out here in their entirety.

27. In addition to Plaintiff, Procare Automotive, LLC has employed many other Class Members as Parts Manager over the last three (3) years.

28. These Class Members performed the same or similar job duties for Defendant as Plaintiff performed, such as ordering parts for repairs, deliver the parts to install technicians, and enter invoices for payment, amongst other non-exempt work.

29. Class Members' activities were routine and largely governed by the same standardized and predetermined practices as Plaintiff's. Class Members' job functions were primarily manual labor/technical in nature, requiring little to no official training, no college education or other advanced degree. No supervisory or management duties were required, and if any, were well below fifty percent of their duties.

30. Like Plaintiff above, in performing their duties as Parts Managers, Class Members are/were employees engaged in commerce, namely were part of the repair process for vehicles involved in auto collisions, used through the United States, and/or who handled goods or materials used in the production thereof that had been moved in or produced for commerce within the meaning of the FLSA.

31. Procare Automotive, LLC paid Class Members in the same manner as Plaintiff, namely, a yearly salary.

32. Like Plaintiff, Procare Automotive, LLC did not pay Class Members overtime compensation for hours worked in excess of forty (40) hours.

33. Class members are similarly situated to Plaintiff in that they all performed manual

labor/technical duties and were victims of the same violations of the FLSA.

34. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

35. The experience of Plaintiff and Class Members, with respect to their employment and pay, is typical of Parts Manager across Defendant's business.

36. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

37. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

38. As the controlling law makes clear, the manual labor/technical duties performed by Plaintiff (and those similarly situated to them) are non-exempt work. Therefore, Procare Automotive, LLC owes back overtime wages to all Parts Manager, all of whom work long hours each workweek.

39. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail, the use of techniques and a form of notice similar to those customarily used in representative actions, or other means conducive to the execution of effective notice.

40. Procare Automotive, LLC's other Parts Managers should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All current and former Parts Managers employed by Defendant between April 25, 2014 and the date notice is issued.**

**CAUSES OF ACTION**

**COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)**

41. Plaintiff re-alleges paragraphs 1-40 as if set out here in their entirety.

42. The FLSA requires employers to pay non-exempt employees one-and-one-half times their regular rates for hours those employees work in excess of forty (40) hours in a work week.

43. Defendant employed Plaintiff and Class Members within the meaning of the FLSA.

44. Defendant is an employer within the meaning of the FLSA.

45. Plaintiff and Class Members are or were manual and non-exempt laborers engaged in commerce and/or in the production of goods for commerce and/or handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

46. Defendant is an enterprise engaged in commerce within the meaning of the FLSA.

47. By failing to pay Plaintiff and Class Members overtime compensation at one-and-one-half times their regular rates, Defendant violated the FLSA's overtime provisions.

48. Because Procare Automotive, LLC knew its pay practices violated the FLSA, or showed reckless disregard for whether its pay practices violated the FLSA, Procare Automotive, LLC owes these wages for at least the past three (3) years.

49. Procare Automotive, LLC is liable to Plaintiff and its other Class Members for an amount equal to all unpaid and/or underpaid overtime wages.

50. Procare Automotive, LLC is further liable to Plaintiff and its other Class Members for liquidated damages in an additional amount equal to all unpaid and/or underpaid overtime wages.

51. Plaintiff and Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

52. Plaintiff demands a trial by jury.

## PRAYER

Plaintiff ask that Defendant be cited to appear and answer, and that the Court:

1. Enter an order allowing this action to proceed as a collective action under the FLSA;

2. Upon final hearing, award Plaintiff Class Members judgment against Procare Automotive, LLC for all unpaid and/or underpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Upon final hearing, award Plaintiff and Class Members judgment against Procare Automotive, LLC for post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. Award Plaintiff and Class Members all such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By: **/S/ Carlos Solis**
_____
Carlos A. Solis
csolis@hilley-solis.com
Texas State Bar No.: 24060636
Fed I.D. No.: 24060636
*Attorney-In-Charge for Plaintiff*
310 S. St. Mary's St.
Suite 2900
San Antonio, Texas 78205
(210) 446-5000– Telephone
(210) 446-5001 – Facsimile